## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

DOUGLAS ET AL. v. SPOOR.

July 6th, 1892.

1. APPELLATE COURT—*Commissioner's report—Imperfect evidence.*—A decree confirming a master's report in favor of complainant should not be disturbed by this court, though the testimony whereon the report is founded be not the clearest and best, but is uncontradicted or unimpeached by any witness for the defendants.

2. IDEM—*Case at bar.*—In suit for specific performance, complainant, releasing claim for the land, asked only compensation for improvements. The book showing plaintiff's expenses being lost, he substituted recently-taken receipts and testimony of persons to whom he paid money, which evidence no attempt was made to impeach, except by cross-examination, and no witness was introduced by the defendants.

HELD:

The decree should stand.

Appeal from decree of circuit court of Smyth county, rendered April 10th, 1891, in the chancery suit wherein Stephen M. Spoor was complainant and William P. Douglas and others were defendants. The decree being adverse to the defendants, they appealed. Opinion states the case.

*Daniel Trigg, Connally F. Trigg,* and *James A. Walker,* for appellants.

*Buchanan & Buchanan,* for appellees.

LACY, J., delivered the opinion of the court.

The bill was filed by the appellee against the appellants to compel specific performance of an alleged contract of sale of a

large body of land therein mentioned, which had been sold to the plaintiff by his brother, acting as agent of the defendants. The defendants denied the authority of the said agent, and refused to ratify his unauthorized act. This suit was compromised by a consent decree rendered in the cause, whereby the land was given up by the plaintiff; and the decree recites that, by like consent, Stephen M. Spoor is to and does relinquish any and all claims to the tract of land, known as "Fernwood," and described in the bill, except as to his claim for compensation for permanent improvements made upon the land; as to which an account is ordered, which improvements had been stated in the original bill at over $4,000. The account was referred to W. C. Sexton, who took the depositions, and made report of the said improvements at the sum and price of $4,490.56, with interest from the 10th day of April, 1891, the date of the decree; and this report was excepted to by the defendants, first, because the commissioner had not adopted a special statement reported at their instance, to the effect that the books produced showed charges aggregating $1,887.86, and the residue was not on the books, but was an account backed by unreliable receipts. The court overruled all exceptions, and decreed in accordance with the commissioner's report, which was confirmed by the court; whereupon the case was brought to this court by appeal.

The question brought up by this appeal is one of fact only. The account was taken by consent, and, before it was ordered by the court, the plaintiffs had stated and demanded a claim for over $4,000 of actual expenditures upon the said lands. Two books are produced, and two books are alleged to have been lost, and the payments charged therein are reproduced by a large number of receipts—157—taken to supply the contents of the lost books, and are supported by the testimony of thirty-nine witnesses. The testimony of these witnesses is attacked by a vigorous and searching cross-examination, the result of which

is that the witnesses persist to the end in asserting that the sums in question were paid them. The commissioner who took the depositions based his report upon them, and the court decreed according to the report. The counsel for the defendants show that this testimony is in some essentials unsatisfactory and unreliable; that the receipts were not contemporaneous with the work done, nor with the payments made, but are merely subsequent recollections of past events. This is certainly not the clearest and best proofs which, in many, and perhaps most, cases, could be adduced, but it appears to be the best that could be had under the circumstances of this case. Not a single witness is produced by the defendants to the contrary, either as to the general circumstances or the special items, and not one of these witnesses is impeached nor otherwise assailed than by cross-examination. If we reject these, we have nothing, and deny the claim for the amount established by them entirely. This would not probably attain the ends of justice. We must believe that the claim was not altogether preposterous, as the defendants, when notified by the bill, as over $4,000, nevertheless consented to a reference to a commissioner to take an account of the same; and, while the accounts may appear unsatisfactory in some respects, yet we have nothing better presented; and when we reflect that the commissioner saw and heard these witnesses testify, observed their demeanor under the test of a severe and searching cross-examination, has based his report upon the same, and that the trial judge superintending the trial confirmed and approved the said report, we are constrained to affirm the said decree as without error. The decree gives interest from the date of the recovery, and this is right; and upon the whole case we are of opinion to affirm the decree appealed from.

DECREE AFFIRMED.